UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOSE M. FONT-DE-SANTIAGO,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Civil No. 3:15-CV-03032 (JAF)

**OPINION AND ORDER**

On or about May 13, 2015, plaintiff José M. Font-De-Santiago ("Font") filed, pro se, a civil complaint against several defendants, including the United States of America, in the Court of First Instance, Superior Court of San Juan, alleging claims stemming from defendants' alleged failure to honor his winning bid to purchase the Hato Rey Psychiatric Hospital at a bankruptcy auction held on July 15, 1996. (ECF No. 16-1.) On December 7, 2015, defendants removed the action to this court under 28 U.S.C. § 1442(a)(1). (ECF No. 1.) On January 7, 2016, defendants moved the court to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) and (b)(6). (ECF Nos. 12, 13, and 21.) As of the date of this order, Font has failed to object, or in any way respond, to the motion to dismiss, thereby waiving any objection to the motion. *See* L.Cv.R. 7(b).

"We are required to construe liberally a pro se complaint," but "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed* v. *Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). The court has read the complaint in its entirety and finds that defendants are correct to label it "convoluted," "difficult to read," and "mak[ing] no sense at all." (ECF Nos. 1 ¶ 1; 2 ¶ 2; 17 ¶ 6.) As best as we can tell,

the complaint alleges that defendants owe Font three billion dollars, plus seven-percent interest, compounded monthly for the past twenty years, because they failed to honor his aforementioned bid to purchase a hospital for fifty million dollars, which he was unable to afford, but was planning to finance by acquiring a loan for the entire purchase price by leveraging the hospital's assets, including its medical equipment and licenses. (ECF No. 16-1 at 5-6, 10-11, 15.) Font brings this claim under "THE FIRST AMENDMENT to the Constitution of the United States . . . and ALL CONSTITUTIONAL AMENDMENTS THERETO." (ECF No. 16-1 at 3.) He primarily refers to the claim as involving a breach of contract. Insofar as the complaint alleges other claims, they all appear to be variations on this central claim. (*See* ECF No. 16-1.)

The court takes seriously any claim of injury. However, defendants persuasively argue that Font's claims have, at best, a six-year statute of limitations, which expired more than a decade ago. (ECF No. 12 at 13.) The complaint does not establish any basis for tolling this limitations period. (*See* ECF No. 16-1.) Accordingly, Font's claims are clearly time-barred.

In sum, the court hereby **GRANTS** the motion to dismiss, filed under ECF No. 12, 13, and 21, on the ground that the claims in the complaint are time-barred. Judgment to be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8th day of February, 2016.

                                              S/José Antonio Fusté
                                              JOSE ANTONIO FUSTE
                                              U. S. DISTRICT JUDGE